JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000
Attorneys of Record:
     Lori Bauer (LB 8098)
     Nicole Q. Saldana (NS 6524)
ATTORNEYS FOR DEFENDANTS
BCBG MAX AZRIA GROUP, INC.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MAGEEDAH AKHTAB, JEFREE ARIAS, NICOLA H. BLACK, VINCENTA HUNTER, QUSQUQUZAH MUHAMMAD AND FRED ROHENA,**<br><br>               **Plaintiffs,**<br><br>     **vs.**<br><br>**BCBG MAX AZRIA GROUP INC.,**<br><br>               **Defendant.** | **Case No. 08-3088**<br><br><br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant, BCBG Max Azria Group, Inc. (hereafter referred to as "Defendant" or "BCBG"), by and through its undersigned attorneys, for its Answer to the Complaint, responds and pleads affirmative defenses as follows.

       1.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "1" of the Complaint, except avers that Defendant's business records indicate Plaintiff Mageedah Akhtab (hereinafter "Plaintiff Akhtab") maintains a residence in Brooklyn, New York.

       2.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "2" of the Complaint, except admits, based

upon information provided by Plaintiff Jefree Arais (hereinafter "Plaintiff Arais") during the course of his employment with Defendant, he maintained a residence in Brooklyn, New York.

3.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "3" of the Complaint, except admits, based upon information provided by Plaintiff Nicola H. Black (hereinafter "Plaintiff Black") during the course of her employment with Defendant that she maintained a residence in New Jersey.

4.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "4" of the Complaint, except admits, based upon information provided by Plaintiff Vincenta Hunter (hereinafter "Plaintiff Hunter") during the course of her employment with Defendant that she maintained a residence in Brooklyn, New York.

5.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "5" of the Complaint, except avers that Defendant's business records indicate Plaintiff Qusququzah Muhammad (hereinafter "Plaintiff Muhammed") maintains a residence in Brooklyn, New York.

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "6" of the Complaint, except admits, based upon information provided by Plaintiff Fred Rohena (hereinafter "Plaintiff Rohena") during the course of his employment with Defendant that she maintained a residence in Brooklyn, New York.

7.      Defendant denies each and every allegation set forth in Paragraph "7" of the Complaint, except avers that Defendant is incorporated in the State of California, is

authorized to do business in New York state and maintains retail stores in the Southern District of New York, including one located at 168 Fifth Avenue.

## AS TO "JURSIDICTION AND VENUE"

8.      Defendant denies each and every allegation set forth in Paragraph "8" of the Complaint, except avers Plaintiffs' purport to invoke this Court's jurisdiction pursuant to 42 U.S.C. §§ 1981, 1983, 1988, Title VII of the Civil Rights Act of 1964, 28U.S.C. §§ 1331 and 1343 and the First and Fourteenth Amendment to the United States Constitution.  Plaintiffs purport to invoke this Court's pendent jurisdiction for claims brought under the New York State Constitution, Article 1, § 8, the New York State Human Rights Law, Executive Law § 296, et seq., and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-107. Plaintiffs purport that venue is based on 28 U.S.C. §1391 and 1392 because Defendant maintains offices and does business in the Southern District of New York.

## AS TO "STANDING"

9.      Defendant admits the allegations set forth in Paragraph "9" of the Complaint.

10.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "10" of the Complaint, except avers the Plaintiffs filed charges of discrimination with the U.S. Equal Employment Opportunity Commission dated May 31, 2007 but denies that the allegations of discrimination contained in the charges are true.

11.      Defendant denies each and every allegation set forth in Paragraph "11" of the Complaint, except avers that the Right to Sue letters issued by the U.S. Equal Employment Opportunity Commission were dated January 8, 2008.

12.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "12" of The Complaint.

## AS TO "FACTS"

13.     Defendant denies each and every allegation set forth in Paragraph "13" of the Complaint, except avers that Plaintiff Akhtab was hired by Defendant BCBG on or about June 8, 2006.

14.     Defendant denies each and every allegation set forth in Paragraph "14" of the Complaint.

15.     Defendant denies each and every allegation set forth in Paragraph "15" of the Complaint.

16.     Defendant denies each and every allegation set forth in Paragraph "16" of the Complaint, except avers that Plaintiff Akhtab attended a customer development event in or around April 2007.

17.     Defendant denies each and every allegation set forth in Paragraph "17" of the Complaint, except avers Plaintiff Akhtab received a written warning for lateness, dated January 8, 2008.

18.     Defendant denies each and every allegation set forth in Paragraph "18" of the Complaint, except admits that Plaintiff Black was employed as a Sales Associate at the BCBG store located at 168 Fifth Avenue.

19.     Defendant denies each and every allegation set forth in Paragraph "19" of the Complaint.

20.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "20" of the Complaint, except admits that Plaintiff Arias was employed as a Stock Associate at the BCBG store located at 168 Fifth

4

Avenue and is Hispanic.

21.    Defendant denies each and every allegation set forth in Paragraph "21" of the Complaint, except admits that on one occasion during his employment with Defendant, General Manager, Mary Nugent, asked Plaintiff Arias to assist her gain entry to her locked office.

22.    Defendant denies each and every allegation set forth in Paragraph "22" of the Complaint.

23.    Defendant denies each and every allegation set forth in Paragraph "23" of the Complaint, except admits that Plaintiff Arias was terminated for lateness.

24.    Defendant denies each and every allegation set forth in Paragraph "24" of the Complaint, except admits that Plaintiff Muhammad was employed as a sales associate at the BCBG store located at 168 Fifth Avenue.

25.    Defendant denies each and every allegation set forth in Paragraph "25" of the Complaint.

26.    Defendant denies each and every allegation set forth in Paragraph "26" of the Complaint, except admits that on or about November 26, 2007, Plaintiff Muhammad transferred to the Madison Avenue store and resigned from her position with Defendant effective February 16, 2008.

27.    Defendant denies each and every allegation set forth in Paragraph "27" of the Complaint, except admits that Plaintiff Rohena was employed as an Assistant Manager at the BCBG store located at 168 Fifth Avenue.

28.    Defendant denies each and every allegation set forth in Paragraph "28" of the Complaint.

29.    Defendant denies each and every allegation set forth in Paragraph "29" of the Complaint, except avers that on or about January 11, 1007, Plaintiff Rohena complained to Brenda Salcedo, Human Resources Coordinator, regarding Ms. Nugent's management style.

30.    Defendant denies each and every allegation set forth in Paragraph "30" of the Complaint, except avers that Plaintiff Hunter was employed as an Assistant Manager at the BCBG store located at 168 Fifth Avenue and the store's General Manager, Mary Nugent, requested Arias assist her in gaining access to her office.

31.    Defendant denies each and every allegation set forth in Paragraph "31" of the Complaint, except admits that on or about March 30, 2007 Defendant held diversity training sessions at its retail store located at 168 Fifth Avenue.

32.    Defendant denies each and every allegation set forth in Paragraph "32" of the Complaint, except admits Plaintiff Hunter was involved in an altercation with a co-worker on or about April 11, 2007, in which she used abusive and threatening language in front of customers and her co-workers.

33.    Defendant denies each and every allegation set forth in Paragraph "33" of the Complaint, except avers that Regional Manager Marion-Lyn Riordan and District Manager Janice McCormack met with Plaintiff Hunter.

33(a).    Defendant denies each and every allegation set forth in the second Paragraph "33" of the Complaint.

34.    Defendant denies each and every allegation set forth in Paragraph "34" of the Complaint, except admits Plaintiff Vincenta Hunter was terminated effective April 24, 2007.

35.    Defendant denies each and every allegation set forth in Paragraph "35" of the Complaint.

36.    Defendant denies each and every allegation set forth in Paragraph "36" of the Complaint.

37.    Defendant denies each and every allegation set forth in Paragraph "37" of the Complaint.

38.    Defendant denies each and every allegation set forth in Paragraph "38" of the Complaint.

39.    Defendant denies each and every allegation set forth in Paragraph "39" of the Complaint.

40.    Defendant admits the allegations set forth in Paragraph "40" of the Complaint.

## AS TO "AS AND FOR A FIRST CAUSE OF ACTION"

41.    Defendant reiterates and incorporate each and every statement contained in its responses to Paragraphs "1" through "40" of the Complaint, inclusive, as though set forth at length herein.

42.    Defendant denies each and every allegation set forth in Paragraph "42" of the Complaint.

43.    Defendant denies each and every allegation set forth in Paragraph "43" of the Complaint.

44.    Defendant denies each and every allegation set forth in Paragraph "44" of the Complaint.

**AS TO "AS AND FOR A SECOND CAUSE OF ACTION"**

45.     Defendant reiterates and incorporate each and every statement contained in its responses to Paragraphs "1" through "45" of the Complaint, inclusive, as though set forth at length herein.

46.     Defendant denies each and every allegation set forth in Paragraph "46" of the Complaint.

47.     Defendant denies each and every allegation set forth in Paragraph "47" of the Complaint, except avers, at times, Plaintiff Black performed her responsibilities as a sales associates in a satisfactory manner.

48.     Defendant denies each and every allegation set forth in Paragraph "48" of the Complaint.

**AS TO "AS AND FOR A THIRD CAUSE OF ACTION"**

49.     Defendant reiterates and incorporate each and every statement contained in its responses to Paragraphs "1" through "48" of the Complaint, inclusive, as though set forth at length herein.

50.     Defendant denies each and every allegation set forth in Paragraph "50" of the Complaint.

51.     Defendant denies each and every allegation set forth in Paragraph "51" of the Complaint.

52.      Defendant denies each and every allegation set forth in Paragraph "52" of the Complaint

### AS TO "AS AND FOR A FOURTH CAUSE OF ACTION"

53.     Defendant reiterates and incorporate each and every statement contained in its responses to Paragraphs "1" through "52" of the Complaint, inclusive, as though set forth at length herein.

54.     Defendant denies each and every allegation set forth in Paragraph "54" of the Complaint.

55.     Defendant denies each and every allegation set forth in Paragraph "55" of the Complaint, except avers, at times, that Plaintiff Muhammad performed her responsibilities as a sales associate in a satisfactory manner.

56.     Defendant denies each and every allegation set forth in Paragraph "56" of the Complaint.

### AS TO "AS AND FOR A FIFTH CAUSE OF ACTION"

57.     Defendant reiterates and incorporate each and every statement contained in its responses to Paragraphs "1" through "56" of the Complaint, inclusive, as though set forth at length herein.

58.     Defendant denies each and every allegation set forth in Paragraph "58" of the Complaint.

59.     Defendant denies each and every allegation set forth in Paragraph "59" of the Complaint.

60.     Defendant denies each and every allegation set forth in Paragraph "60" of the Complaint.

## AS TO "AS AND FOR A SIXTH CAUSE OF ACTION"

61.     Defendant reiterates and incorporate each and every statement contained in its responses to Paragraphs "1" through "60" of the Complaint, inclusive, as though set forth at length herein.

62.     Defendant denies each and every allegation set forth in Paragraph "62" of the Complaint.

63.     Defendant denies each and every allegation set forth in Paragraph "63" of the Complaint.

64.      Defendant denies each and every allegation set forth in Paragraph "64" of the Complaint.

## AS TO "AS AND FOR A SEVENTH CAUSE OF ACTION"

65.     Defendant reiterates and incorporate each and every statement contained in its responses to Paragraphs "1" through "64" of the Complaint, inclusive, as though set forth at length herein.

66.     The allegations set forth in Paragraph "66" of the Complaint are legal conclusions to which no answer is required by the Defendant.  However, to the extent that an answer may be required, Defendant admits Plaintiff Akhtab is a member of a protected class under New York Executive Law 296.

67.     Defendant denies each and every allegation set forth in Paragraph "67" of the Complaint.

68.     Defendant denies each and every allegation set forth in Paragraph "68" of the Complaint.

69.     Defendant denies each and every allegation set forth in Paragraph "69" of the Complaint.

## AS TO "AS AND FOR A EIGHTH CAUSE OF ACTION"

70.     Defendant reiterates and incorporate each and every statement contained in its responses to Paragraphs "1" through "69" of the Complaint, inclusive, as though set forth at length herein.

71.     The allegations set forth in Paragraph "71" of the Complaint are legal conclusions to which no answer is required by the Defendant.   However, to the extent that an answer may be required, Defendant admits Plaintiff Black is a member of a protected class under New York Executive Law 296.

72.     Defendant denies each and every allegation set forth in Paragraph "72" of the Complaint.

73.     Defendant denies each and every allegation set forth in Paragraph "73" of the Complaint.

74.     Defendant denies each and every allegation set forth in Paragraph "74" of the Complaint.

75.     Defendant denies each and every allegation set forth in Paragraph "75" of the Complaint.

## AS TO "AS AND FOR A NINTH CAUSE OF ACTION"

76.     Defendant reiterates and incorporate each and every statement contained in its responses to Paragraphs "1" through "75" of the Complaint, inclusive, as though set forth at length herein.

77.     The allegations set forth in Paragraph "77" of the Complaint are legal conclusions to which no answer is required by the Defendant.   However, to the extent that an answer may be required, Defendant admits Plaintiff Hunter is a member of a protected class under New York Executive Law 296.

78.    Defendant denies each and every allegation set forth in Paragraph "78" of the Complaint.

79.    Defendant denies each and every allegation set forth in Paragraph "79" of the Complaint.

80.    Defendant denies each and every allegation set forth in Paragraph "80" of the Complaint.

81.    Defendant denies each and every allegation set forth in Paragraph "81" of the Complaint.

## AS TO "AS AND FOR A TENTH CAUSE OF ACTION"

82.    Defendant reiterates and incorporate each and every statement contained in its responses to Paragraphs "1" through "83" of the Complaint, inclusive, as though set forth at length herein.

83.    The allegations set forth in Paragraph "83" of the Complaint are legal conclusions to which no answer is required by the Defendant.   However, to the extent that an answer may be required, Defendant admits Plaintiff Muhammad is a member of a protected class under New York Executive Law 296.

84.    Defendant denies each and every allegation set forth in Paragraph "84" of the Complaint.

85.    Defendant denies each and every allegation set forth in Paragraph "85" of the Complaint.

86.    Defendant denies each and every allegation set forth in Paragraph "86" of the Complaint.

87.    Defendant denies each and every allegation set forth in Paragraph "87" of the Complaint.

### AS TO "AS AND FOR A ELEVENTH CAUSE OF ACTION"

88.    Defendant reiterates and incorporate each and every statement contained in its responses to Paragraphs "1" through "87" of the Complaint, inclusive, as though set forth at length herein.

89.    The allegations set forth in Paragraph "89" of the Complaint are legal conclusions to which no answer is required by the Defendant.   However, to the extent that an answer may be required, Defendant admits Plaintiff Arias is a member of a protected class under New York Executive Law 296.

90.    Defendant denies each and every allegation set forth in Paragraph "90" of the Complaint.

91.    Defendant denies each and every allegation set forth in Paragraph "91" of the Complaint.

92.    Defendant denies each and every allegation set forth in Paragraph "92" of the Complaint.

93.    Defendant denies each and every allegation set forth in Paragraph "93" of the Complaint.

### AS TO "AS AND FOR A TWELFTH CAUSE OF ACTION"

94.    Defendant reiterates and incorporate each and every statement contained in its responses to Paragraphs "1" through "93" of the Complaint, inclusive, as though set forth at length herein.

95.    The allegations set forth in Paragraph "95" of the Complaint are legal conclusions to which no answer is required by the Defendant.   However, to the extent that an answer may be required, Defendant admits Plaintiff Rohena is a member of a protected class under New York Executive Law 296.

96.     Defendant denies each and every allegation set forth in Paragraph "96" of the Complaint.

97.     Defendant denies each and every allegation set forth in Paragraph "97" of the Complaint.

98.     Defendant denies each and every allegation set forth in Paragraph "98" of the Complaint.

99.     Defendant denies each and every allegation set forth in Paragraph "99" of the Complaint.

## AS TO "AS AND FOR A THIRTEENTH CAUSE OF ACTION"

100.    Defendant reiterates and incorporate each and every statement contained in its responses to Paragraphs "1" through "100" of the Complaint, inclusive, as though set forth at length herein.

101.    The allegations set forth in Paragraph "101" of the Complaint are legal conclusions to which no answer is required by the Defendant.   However, to the extent that an answer may be required, Defendant admits Plaintiff Akhtab is a member of a protected class under the New York City Human Rights Law, New York City Administrative Code § 8-107.

102.    Defendant denies each and every allegation set forth in Paragraph "102" of the Complaint.

103.    Defendant denies each and every allegation set forth in Paragraph "103" of the Complaint.

104.    Defendant denies each and every allegation set forth in Paragraph "104" of the Complaint.

105.    Defendant denies each and every allegation set forth in Paragraph "105" of the Complaint.

## AS TO "AS AND FOR A FOURTEENTH CAUSE OF ACTION"

106.    Defendant reiterates and incorporate each and every statement contained in its responses to Paragraphs "1" through "105" of the Complaint, inclusive, as though set forth at length herein.

107.    The allegations set forth in Paragraph "107" of the Complaint are legal conclusions to which no answer is required by the Defendant.   However, to the extent that an answer may be required, Defendant admits Plaintiff Black is a member of a protected class under the New York City Human Rights Law, New York City Administrative Code § 8-107.

108.    Defendant denies each and every allegation set forth in Paragraph "108" of the Complaint.

109.    Defendant denies each and every allegation set forth in Paragraph "109" of the Complaint.

110.    Defendant denies each and every allegation set forth in Paragraph "110" of the Complaint.

111.    Defendant denies each and every allegation set forth in Paragraph "111" of the Complaint.

## AS TO "AS AND FOR A FIFTEENTH CAUSE OF ACTION"

112.    Defendant reiterates and incorporate each and every statement contained in its responses to Paragraphs "1" through "111" of the Complaint, inclusive, as though set forth at length herein.

113.    The allegations set forth in Paragraph "113" of the Complaint are legal conclusions to which no answer is required by the Defendant.   However, to the extent that an answer may be required, Defendant admits Plaintiff Hunter is a member of a protected class under the New York City Human Rights Law, New York City Administrative Code § 8-107.

114.    Defendant denies each and every allegation set forth in Paragraph "114" of the Complaint.

115.    Defendant denies each and every allegation set forth in Paragraph "115" of the Complaint.

116.    Defendant denies each and every allegation set forth in Paragraph "116" of the Complaint.

117.    Defendant denies each and every allegation set forth in Paragraph "117" of the Complaint.

## AS TO "AS AND FOR A SIXTEENTH CAUSE OF ACTION"

118.    Defendant reiterates and incorporate each and every statement contained in its responses to Paragraphs "1" through "117" of the Complaint, inclusive, as though set forth at length herein.

119.    The allegations set forth in Paragraph "119" of the Complaint are legal conclusions to which no answer is required by the Defendant.   However, to the extent that an answer may be required, Defendant admits Plaintiff Muhammad is a member of a protected class under the New York City Human Rights Law, New York City Administrative Code § 8-107.

120.    Defendant denies each and every allegation set forth in Paragraph "120" of the Complaint.

121.    Defendant denies each and every allegation set forth in Paragraph "121" of the Complaint.

122.    Defendant denies each and every allegation set forth in Paragraph "122" of the Complaint.

123.    Defendant denies each and every allegation set forth in Paragraph "123" of the Complaint.

## AS TO "AS AND FOR A SEVENTEENTH CAUSE OF ACTION"

124.    Defendant reiterates and incorporate each and every statement contained in its responses to Paragraphs "1" through "123" of the Complaint, inclusive, as though set forth at length herein.

125.    The allegations set forth in Paragraph "125" of the Complaint are legal conclusions to which no answer is required by the Defendant.   However, to the extent that an answer may be required, Defendant admits Plaintiff Arias is a member of a protected class under the New York City Human Rights Law, New York City Administrative Code § 8-107.

126.    Defendant denies each and every allegation set forth in Paragraph "126" of the Complaint.

127.    Defendant denies each and every allegation set forth in Paragraph "127" of the Complaint.

128.    Defendant denies each and every allegation set forth in Paragraph "128" of the Complaint.

129.    Defendant denies each and every allegation set forth in Paragraph "129" of the Complaint.

## AS TO "AS AND FOR A EIGHTEENTH CAUSE OF ACTION"

130.    Defendant reiterates and incorporate each and every statement contained in its responses to Paragraphs "1" through "129" of the Complaint, inclusive, as though set forth at length herein.

131.    The allegations set forth in Paragraph "131" of the Complaint are legal conclusions to which no answer is required by the Defendant.   However, to the extent that an

answer may be required, Defendant admits Plaintiff Rohena is a member of a protected class under the New York City Human Rights Law, New York City Administrative Code § 8-107.

132.    Defendant denies each and every allegation set forth in Paragraph "132" of the Complaint.

133.    Defendant denies each and every allegation set forth in Paragraph "133" of the Complaint.

134.    Defendant denies each and every allegation set forth in Paragraph "134" of the Complaint.

135.    Defendant denies each and every allegation set forth in Paragraph "135" of the Complaint.

## AS TO "JURY DEMAND"

136.    Defendant denies each and every allegation set forth in Paragraph "136" of the Complaint, except avers that Plaintiff demands a jury trial of this action.

## AS AND FOR DEFENDANT'S DEFENSES INCLUDING AFFIRMATIVE DEFENSES

As further Answer to the Complaint, Defendant asserts the following affirmative defenses, each of which is a bar to Plaintiffs' claims.  Defendant reserves the right to assert additional defenses as they may become known during the course of discovery and trial preparation or otherwise.

## DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

137.    The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be awarded.

## DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

138.    Each and every action taken by Defendant was taken for a legitimate, non-discriminatory, non-retaliatory business reason and would have been taken regardless of Plaintiffs' race, national origin or any protected activity in which Plaintiffs engaged.

## DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

139.    At all times relevant hereto, Defendant has acted reasonably and in good faith toward Plaintiffs and has not violated any rights which may be secured to Plaintiffs under any federal, state or local laws, rules, regulations or guidelines.

## DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

140.    Plaintiffs' claims for damages are barred or should be reduced in that they have failed to mitigate their alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

## DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

141.    Plaintiffs' claims under the New York City Administrative Code should be dismissed to the extent that Plaintiffs have failed to fulfill the jurisdictional prerequisites to suit thereunder.

## DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

142.    Defendant is not liable for punitive damages because Defendant made good faith efforts to comply with the Title VII, the New York State Human Rights Law, the New York City Administrative Code and all other applicable laws.

## DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

143.    Plaintiffs' claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory and/or retaliatory behavior.

**DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE**

144.   Plaintiffs' claims are barred, in whole or in part, because Plaintiffs unreasonably failed to take advantage of Defendant's preventive or corrective opportunities or to avoid harm otherwise.

WHEREFORE, Defendant prays that the Court:

(a)   Dismiss the Complaint in its entirety with prejudice;

(b)   Deny each and every demand and prayer for relief contained therein;

(c)   Award Defendant its reasonable costs and fees incurred in defending this action; and

(d)   Grant such other and further relief to Defendant as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038-4502
(212) 545-4000

Dated: June 16, 2008        By:   *Lori Bauer*
New York, New York              Lori D. Bauer (LB 8098)
                                Nicole Q. Saldana (NQ 6524)

ATTORNEYS FOR DEFENDANTS
BCBG MAX AZRIA GROUP INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAGEEDAH AKHTAB, JEFREE ARIAS, NICOLA H. BLACK, VINCENTA HUNTER, QUSQUQUZAH MUHAMMAD AND FRED ROHENA,<br><br>     Plaintiffs,<br><br>  vs.<br><br>BCBG MAX AZRIA GROUP INC.,<br><br>     Defendant. | Case No. 08-3088<br><br><br>**DEFENDANT BCBG'S ANSWER AND AFFIRMATIVE DEFENSES** |

## CERTIFICATE OF SERVICE

   I hereby certify that on this 16th day of June, 2008, I electronically filed: Defendant's BCBG Max Azria Group, Inc. Answer and Affirmative Defenses and a Rule 7.1 Statement with the Clerk of the Court using the ECF system.

                  _Lori Bauer_

                  Lori D. Bauer, Esq.